UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIOFAS ALANIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.  1:21-cv-00114-BAM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>(Doc. 25) |

**I.    Introduction**

Michelle Shvarts ("Counsel"), an attorney with Disability Advocates Group, and counsel for Cliofas Alaniz ("Plaintiff"), filed a motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b) on March 18, 2025.  (Doc. 25.)  Following a preliminary review of the motion, the Court directed Counsel to file a supporting declaration and proof of service as referenced in the motion.  (Doc. 29.)  Counsel filed the supporting declaration and proof of service on April 11, 2025.  (Doc. 30.)  Although served with a copy of the motion by certified mail on March 18, 2025, and notified of the right to object within fourteen days, (*see* Doc. 25-2; Doc. 30), Plaintiff did not file a response.  On March 24, 2025, Defendant Commissioner of Social Security filed a response, indicating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)."  (Doc. 28 at 2.)

Having considered the motion and record in this case, the Court will grant the motion for

1

authorization of attorneys' fees in the amount of $21,539.95, subject to an offset of $5,072.00 in fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II.     Relevant Background

Plaintiff, through Counsel, filed this action challenging the denial of social security benefits on January 27, 2021. (Doc. 1.) On January 6, 2022, the Court issued an order granting the parties' stipulation and remanding the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21.) Judgment was entered in Plaintiff's favor. (Doc. 22.) On February 17, 2022, the Court approved the parties' stipulation to award Plaintiff attorneys' fees of $5,072.00 pursuant to EAJA. (Doc. 24.)

On remand, an administrative law judge issued a favorable decision awarding benefits to Plaintiff. (Doc. 25 at 3.) On January 19, 2025, the Commissioner issued a letter to Counsel indicating that the Social Security Administration withheld $21,539.95 for Plaintiff's representative's fees, which represented 25 percent of Plaintiff's past-due benefits. (Doc. 25-1.) The Commissioner reportedly calculated total past-due benefits as $86,159.80. (Doc. 25 at 3.)

Counsel now seeks authorization of attorneys' fees in the total amount of $21,539.95 which is 25 percent of Plaintiff's past due benefits. Counsel previously was awarded $5,072.00 in EAJA fees. (Doc. 24.) Counsel intends to refund to Plaintiff the amount awarded in EAJA fees. (Doc. 25 at 5.) Plaintiff agreed to pay Counsel a contingent fee of 25% of any past due benefits obtained for work in federal court. (Doc. 25-2 at 9.) Counsel contends that the requested fee amount is reasonable considering the contingent nature of recovery and the results achieved. As noted, Plaintiff did not file any objection to Counsel's request.

## II.     Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (explaining

section 406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807. "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796).

### III.     Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Counsel's requested fees to be reasonable. In support of the motion for authorization of attorneys' fees under 42 U.S.C. § 406(b), Counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the past-due benefits. (Doc. 25-2 at 9.) Counsel accordingly accepted the risk of loss in the representation. As a result of Plaintiff's counsel's work before the Court, the matter was remanded for further proceedings and the Commissioner ultimately awarded Plaintiff benefits. Counsel provided a copy of the instant motion for authorization of attorneys' fees to Plaintiff. (*See* Doc. 30.) Although served with the motion, Plaintiff did not timely challenge the requested fees, which attests to their reasonableness.

Additionally, there is no indication Plaintiff's counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff filed an opening brief in this action and was able to secure a remand for further proceedings at the

3

district court level and a subsequent award of past-due benefits.  There is no indication that the fees requested are excessively large in relation to the benefits received.  Plaintiff's counsel expended a total of 23.8 hours while representing Plaintiff before the district court. (Doc. 25-2 at 7 (itemization of attorney time).)  The effective hourly rate requested equals $905.04 per hour. (*See also* Doc. 28 at 2.)  This hourly rate is not excessive when compared to what district courts in the Ninth Circuit have approved in cases involving social security contingency fee arrangements.  *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 per hour not excessive).

Accordingly, the Court finds the fees sought by Counsel are reasonable in light of the results achieved in this action.  An award of attorneys' fees pursuant to section 406(b) in the amount of $21,539.95 is appropriate, but must be offset by any prior award of attorneys' fees granted under the EAJA.  *Gisbrecht*, 535 U.S. at 796.  As Plaintiff was previously awarded $5,072.00 in fees pursuant to EAJA, Counsel shall refund the amount of $5,072.00 to Plaintiff.

### IV. Conclusion and Order

Based upon the foregoing, the Court ORDERS:

1. Counsel's motion for authorization of attorneys' fees under 42 U.S.C. § 406(b) (Doc. 25) is GRANTED.

2. The Court approves an attorney fee award of $21,539.95 pursuant to 42 U.S.C. § 406(b), subject to an offset of the prior EAJA fee award received by Plaintiff's counsel.

3. Plaintiff's counsel is ordered to refund the amount of $5,072.00 to Plaintiff as an offset for fees previously awarded and received pursuant to the EAJA.

IT IS SO ORDERED.

Dated:   **April 15, 2025**                         /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE